UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,  :
 :
v.  :  **MEMORANDUM & ORDER**
 :  15-CR-568 (WFK)
DAFENO JOSEPH,  :
 :
                Defendant.  :
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 14, 2016, the defendant, Dafeno Joseph, pleaded guilty to one count of Importation of Cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(3). The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to 18 months of incarceration, 2 years of supervised release, and payment of a $100.00 special assessment.

## BACKGROUND

On October 13, 2015, the United States filed a Complaint against Dafeno Joseph ("Defendant") alleging he had unlawfully imported cocaine, a Schedule II controlled substance, into the United States. Compl. at 1, ECF No. 1. The subsequent Indictment, filed on November 5, 2015, charged Defendant with two counts: (1) Importation of Cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(3); and (2) Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Indictment at 1-2, ECF No. 9. On June 14, 2016, Defendant pleaded guilty to Count One of the Indictment pursuant to a Plea Agreement. *See* Plea Agreement, ECF No. 19.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born in Georgetown, Guyana, on December 24, 1993, and was raised by both parents in Demerara, Guyana, until the age of eleven. *See* Presentence Investigation Report ("PSR") ¶ 32, ECF No. 20. When Defendant was eleven, his parents separated and his father moved out of the family home and stopped providing the family with financial support. *Id.*

Defendant's mother owned a catering business and supported her family with the assistance of Defendant's older siblings. *Id.* Defendant maintained contact with his father until approximately three years ago, and has a good relationship with his mother, who was "devastated" by his arrest. *Id.* ¶ 33. Defendant is the youngest of seven children and maintains close relationships with his six siblings, all but one of whom still reside in Guyana. *Id.* ¶ 34. Defendant also has half-siblings who live in Guyana and in Brooklyn, New York. *Id.* ¶¶ 34, 36.

In 2003, Defendant's mother moved to Brooklyn, where she worked as a home health aide in order to support her family in Guyana. *Id.* ¶ 35. Defendant continued to live with his siblings in Guyana until 2006, when he and his brother legally entered the United States to live with their mother. *Id.* Defendant primarily attended high school in Brooklyn, although he spent one year of high school in Mansfield, Texas, where he was living with an aunt. *Id.* ¶¶ 40, 50. After graduating high school in 2014, Defendant became a Certified Nurse Aide in 2015, but he has only worked in that field briefly due to his criminal record arising from this offense. *Id.* ¶ 51.

Defendant's mother moved back to Guyana in 2016, and Defendant sends her money to assist in her support when he is working. *Id.* ¶ 36. After his arrest, Defendant lived first with his half-sister and later with a family friend and has worked multiple jobs, most recently as a waiter. *Id.* ¶¶ 36-37, 53-55. Prior to his arrest, Defendant visited Guyana for two months each summer and also visited one of his brothers in Trinidad. *Id.* ¶ 40.

On October 11, 2015, Defendant flew from Port of Spain, Trinidad and Tobago, to John F. Kennedy International Airport in Queens, New York. *Id.* ¶ 3. Upon arrival, his checked luggage was subject to an x-ray inspection by Customs and Border Protection ("CBP") officers and an anomaly was detected in one of his suitcases. *Id.* ¶ 4. A CBP canine also "alerted" to the

bag, indicating it may contain narcotics. *Id.* CBP officers returned Defendant's luggage to the baggage carousel and subsequently observed Defendant retrieve his luggage. *Id.* Defendant was then escorted to a CBP inspection area, where officers found his suitcases had "false bottoms," under which they found cocaine. *Id.* The gross weight of the cocaine found in the two suitcases was approximately 5.26 kilograms. *Id.* ¶ 4. Defendant was then placed under arrest. *Id.* ¶ 5. A lab report later revealed the net weight of the drugs to be approximately 4.99 kilograms. Gov't Sentencing Mem. at 1, ECF No. 23.

After his arrest, Defendant waived his *Miranda* rights and told Homeland Security Investigation agents he had checked into a hotel in Trinidad on October 9, 2015, and had met an individual who said he would pay Defendant $6,000.00 to transport two packages of drugs to the United States. PSR ¶ 5. The individual then left the drugs at the hotel for Defendant to pick up. *Id.* After arriving in New York, Defendant was supposed to check into a hotel and wait for a call from someone who would be picking up the drugs. *Id.* ¶ 6. Defendant would not tell the agents who would be picking up the drugs, but he indicated that he knew the person. *Id.*

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

4

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. The Court takes into account Defendant's youth, lack of criminal history, and positive trajectory while out on bail.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Importation of Cocaine in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(3) for which he faces a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). If a term of imprisonment is imposed, the Court must also impose a term of supervised release of at least three years unless Defendant satisfies the mitigating factors in 18 U.S.C. § 3553(f), in which case the statutory minimum does not apply. *See* 21 U.S.C. § 960(b)(3). The mitigating factors are as follows:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Because the offense is a Class C felony, Defendant may also be sentenced to a term of probation of not less than one nor more than five years, with one of the following conditions, unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3561(c)(1). Defendant also faces a maximum fine of $1,000,000.00, *id.* § 3571(b), and the mandatory special assessment of $100.00, *id.* § 3013.

### D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Sentencing Guidelines § 2D1.1(a)(5) applies to violations of 21 U.S.C. § 952(a) and, per Guidelines § 2D1.1(c)(6), sets a base offense level of twenty-eight. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(5), (c)(6) (Nov. 2016) ("USSG"). Defendant has satisfied all five of the factors outlined in 18 U.S.C. § 3553(f) and Guidelines § 5C1.2, however, so he is eligible for a two-level safety-valve reduction. USSG § 2D1.1(b)(17). Defendant was also a minimal participant in the offense, so a four-level reduction is applied. *Id.* § 3B1.2(a). Defendant's acceptance of responsibility by pleading guilty and his timely notification of his intent to do so permits a further reduction of three levels. *Id.* § 3E1.1. Accordingly, Defendant's total adjusted offense level is nineteen. Because Defendant does not have a criminal history, he has a criminal history score of zero and a criminal history category of one. PSR ¶¶ 25-28.

For a total offense level of nineteen and a criminal history category of one, the Guidelines suggest a term of imprisonment of between thirty and thirty-seven months. USSG ch. 5, pt. A.

The Guidelines further recommend a term of supervised release of one to three years because Defendant has satisfied the 18 U.S.C. § 3553(f) mitigating factors, meaning no statutory minimum for supervisory release applies, *id.* § 5D1.2(a)(2); a fine of between $6,000.00 and $1,000,000.00, *id.* § 5E1.2(c); and payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation under the Guidelines. *See id.* § 5B1.1 cmt. n.2.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not applicable in this case.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 18 months of incarceration, 2 years of supervised release, and payment of the $100.00 mandatory assessment is appropriate and comports with the dictates of § 3553. This

sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendum to the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2017
      Brooklyn, New York